```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

LIBBY L. HENLY                  *         CIVIL ACTION

VERSUS                          *         NO: 06-10854

ALLSTATE INSURANCE COMPANY      *         SECTION: "D"(3)

## ORDER AND REASONS

Before the court are the following motions filed by Defendant, Allstate Insurance Company (Allstate), in its capacity as flood carrier, a Write-Your-Own carrier participating in the U.S. Government's National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001 *et seq.*), appearing herein in its "fiduciary"[1] capacity as the "fiscal agent of the United States"[2]:

(1) **"Motion for Summary Judgment as to Standard Flood Policy Claims" (Doc. No. 15);** and

(2) **"Motion to Dismiss Plaintiff's State Law Based Extra-Contractual Claims Arising Out of a Standard Flood Insurance Policy" (Doc. No. 10).**

---

[1]   44 C.F.R. §62.23(f).

[2]   42 U.S.C. §4071(a)(1); *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).

***No memorandum in opposition to either motion was filed***.  The motions, set for hearing on Wednesday, January 8, 2008, are before the court on briefs, without oral argument.  Now, having considered the memoranda of Allstate's counsel, the record, and the applicable law, the court finds that the motions should be granted, as there is no genuine issue of material fact and Allstate is entitled to judgment as a matter of law.

In this Hurricane Katrina-related matter, Plaintiff seeks additional flood insurance proceeds allegedly owed on a Standard Flood Insurance Policy for flood damage to Plaintiff's property located at 145 Coffee Street, Mandeville, Louisiana.[3]  However, before filing suit, the Standard Flood Insurance Policy requires in Article VII(J)(4) that the following conditions precedent must be met:

> J. Requirements in Case Of Loss
>
> In case of a flood loss to insured property, you must:
>
> 1.   Give prompt written notice to us;

---

[3]   According to Allstate, "[d]uring the adjustment process, [Allstate] determined that the proper payment amount of the Plaintiff's claims was $66, 843.51 for Coverage A (building), $31,500.00 for Coverage B (Contents) and $30,000.00 for Coverage D (Increased Cost of Compliance) under the SFIP.  (*See* Doc. No. 15-3, Raske Affidavit at ¶9).

However, Plaintiff claims that Allstate "did not provide the full extent of losses occasioned by the storm and failed to provide the extent of losses covered pursuant to the terms of the policy."  (*see* Petition at ¶VII).

2

2.  As soon as reasonably possible, separate the damaged and undamaged property, putting it in the best possible order so that we may examine it;

3.  Prepare an inventory of damaged property showing the quantity, description, actual cash value, and amount of loss. **Attach all bills, receipts, and related documents**;

4.  Within 60 days after the loss, send us a **proof of loss**, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:

    a.  The date and time of loss;

    b.  A brief explanation of how the loss happened;

    c.  Your interest (for example, "owner") and the interest, if any, of others in the damaged property;

    d.  Details of any other insurance that may cover the loss;

    e.  Changes in title or occupancy of the covered property during the term of the policy;

    f.  Specifications of damaged buildings and detailed repair estimates;

    g.  Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;

    h.  Details about who occupied any

> > insured building at the time of loss and for what purpose; and
>
> I.  The inventory of damaged personal property described in J.3. above.

See SFIP, Art. VIII(J)(4)(emphasis added); see *also* 44 C.F.R. Pt. 61, App. A(1)(West 2007).

Under normal circumstances, a Plaintiff's failure to file a sworn Proof of Loss within sixty (60) days of Hurricane Katrina would have barred her claim.  However, as a result of Hurricane Katrina and the shortage of qualified adjusters, FEMA modified the Proof of Loss requirement to expedite claims payments so that affected policyholders were not subject to undue hardship.  (*See* Waiver, Doc. No. 11-5, p. 2).  In the same document, FEMA instructed that:

> **In the event a policyholder disagrees with the insurer's adjustment, settlement, or payment of the claim, a policyholder may submit to the insurer a proof of loss within one year from the date of loss.**  The proof of loss must meet the requirements of VII.J.4 of the SFIP Dwelling or General Property Form...The insurer will then process the policyholder's proof of loss in its normal fashion.  If the insurer rejects the proof of loss in whole or in part, the policyholder may file a lawsuit against the insurer within one year of the date of th written denial of the claim as provided in VII.R of the SFIP Dwelling or General Property Form...
>
> For example, a policyholder who suffered a flood loss from Hurricane Katrina on August

> 23, 2005, and disagrees with the insurer's decision based on the adjuster's report has until August 22, 2006,[4] to file the proof of loss detailing the area(s) of disagreement.

(*Id.* at pp. 2-3).

The SFIP is "an insurance policy issued pursuant to a federal program, and as such "must be strictly construed and enforced." *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998).  "[A]n insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim." *Id*.

Based on the undisputed Affidavit of Jason Raske (a Flood Team Leader for Allstate, duly designated representative of Allstate, and records custodian of Plaintiff's claim file), Plaintiff did not timely submit a signed and sworn Proof of Loss for her alleged additional Katrina-related flood damage, and Plaintiff failed to comply with the documentation requirements of her flood policy. (*See* Doc. No. 15-3, Raske Affidavit at ¶12).

As a matter of law, the failure to timely file the requisite proof of loss and failure to provide documentation of her loss prior to filing this suit are fatal to Plaintiff's instant claims

---

[4] Defendant submits that August 22, 2005, is the date when Hurricane Katrina struck Florida. (*See* Doc. No. 15-2, Allstate's Memo. at p. 9, n. 12).

against Allstate. *Wright v. Allstate*, 415 F.3d 384, 387-88 (5th Cir. 2005); *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. ; and *Forman v. Fed. Emergency Mgmt. Agency*, 138 F.3d 543, 545-46 (5th Cir. 1998).[5]

Further, Plaintiff's state-law based extra-contractual claims asserted against Allstate are pre-empted by the National Flood Insurance Act and related regulations. *Gallup v. Omaha Property & Casualty Ins. Co.*, 434 F.3d 341, 344-45 (5th Cir. 2005); *Wright*, 415 F.3d at 389-90.[6]

Accordingly;

**IT IS ORDERED** that Allstate's **"Motion for Summary Judgment as to Standard Flood Policy Claims (Doc. No. 15)"** and Allstate's **"Motion to Dismiss Plaintiff's State Law Based Extra-Contractual Claims Arising Out of a Standard Flood Insurance Policy" (Doc. No. 10)** be and are hereby **GRANTED**, dismissing all of Plaintiff's claims against Allstate with prejudice.

---

[5] This court has previously held that under binding Fifth Circuit precedent, a plaintiff's failure to timely file a sworn proof of loss is fatal to a claim for federal benefits under the Plaintiff's SFIP. (*See e.g., Marseilles Homeowners Condominium Ass'n, Inc. v. Fidelity Nat. Ins.* Co., 2007 WL 2363141 (E.D.La. 2007)(McNamara, J.); *Newlin v. Fidelity National Property & Casualty Ins. Co.*, 2007 WL 1466819 (E.D.La. 2007)(McNamara, J.), *Airhart v. Allstate Insurance Company,* 2007 WL 2127720 at *2 (E.D.La. 2007)(McNamara, J.); and *Sandot v. La. Citizens Fair Plan*, No. 06-3783, Doc. No. 25 (McNamara, J). *See also* cases listed in Allstate's Ex. C, Doc. No. 15-5.

[6] *See also* cases cited in Allstate's Ex. E, Doc. No. 15-7.

6

New Orleans, Louisiana, this **8th** day of **January, 2008.**

```
         _____
                 A.J. MCNAMARA
          UNITED STATES DISTRICT JUDGE
```